# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**CHRISTINA SMITH,**

        **Plaintiff,**

**v.**                                         **Case No: 6:18-cv-00832-Orl-DCI**

**COMMISSIONER OF SOCIAL
SECURITY,**

        **Defendant.**

## MEMORANDUM OF DECISION

Christina Smith (Claimant) appeals to the District Court from a final decision of the Commissioner of Social Security (the Commissioner) denying her application for disability insurance benefits and supplemental social security income. Doc. 1. Claimant argues that the Administrative Law Judge (ALJ) erred by failing to apply the correct legal standard to the opinion of Claimant's treating physician, Dr. Hill. Doc. 21 at 13-19. The Commissioner disagrees. *Id.* at 19-32. For the reasons set forth below, the Commissioner's final decision is **REVERSED** and **REMANDED**.

### I. THE ALJ'S DECISION

On June 28, 2016, Claimant filed an application for disability insurance and supplemental security income alleging an onset date of May 23, 2016. R. 312-19. The claim was denied initially (R. 221-23) and upon reconsideration. R. 226-36. Claimant requested a hearing before an ALJ. *See* R. 237-39. The ALJ held the hearing on October 19, 2017 (R. 34-80) and issued a decision on December 22, 2017. R. 7-33. In the decision, the ALJ found that Claimant had the following severe impairments: degenerative disc disease of the cervical and lumbar spine, a right shoulder

rotator cuff tear, a history of an Arnold-Chiari malformation, obesity, asthma, an affective disorder with psychotic features, and a post-traumatic stress disorder. R. 13.

The ALJ found that Claimant had a residual functional capacity (RFC) to perform light work as defined by 20 C.F.R. §§ 404.1567(b) and 416.967(b) with some additional limitations.[1] Specifically, the ALJ found as follows:

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 C.F.R. 404.1567(b) and 416.967(b), which is unskilled, along with additional limitations. The claimant can lift or carry 20 pounds occasionally (up to one-third of the workday) and 10 pounds frequently (up to two-thirds of the workday), stand or walk for 6 hours in an 8-hour workday, and sit for 6 hours in an 8-hour workday. The claimant can occasionally stoop, kneel, crouch, or crawl; can never climb ladders, ropes, or scaffolds; can occasionally climb ramps or stairs; should avoid exposure to hazards, such as heights or machinery with moving parts; should avoid concentrated exposure to dusts, fumes, gases, odors, or poorly ventilated areas; can frequently reach (including overhead) with right upper extremity; and, can frequently handle and finger with the upper extremity. In addition, the claimant should have no production rate pace work; can have occasional changes in a routine work place setting; and, can have occasional contact with co-workers, supervisors, and the general public.

R. 18. The ALJ posed a hypothetical question to the vocational expert (VE) consistent with the foregoing RFC determination, and the VE testified that Claimant was capable of performing as a housekeeper and as an electronics worker, jobs that exist in the national economy. R. 73-74. The ALJ concluded that Claimant was "capable of making a successful adjustment to other work that exist[ed] in significant numbers in the national economy." R. 27. The ALJ found that Claimant was not disabled between the alleged onset date and the date of the ALJ's decision. *Id.*

---

[1] Light work is defined as "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities." 20 C.F.R. §§ 404.1567(b), 416.967(b).

Claimant requested review of the hearing decision; the Appeals Council denied Claimant's request. R. 1-6. On May 29, 2018, Claimant filed a complaint requesting that the Court reverse and the Commissioner's decision and remand the case for further proceedings. Doc. 1 (the Complaint). On January 31, 2020, the Court entered an order setting hearing in this case. Doc. 22. On February 12, 2020, the Court held a hearing on the Joint Memorandum and heard argument of counsel. Doc. 27.[2]

## II. STANDARD OF REVIEW

"In Social Security appeals, [the court] must determine whether the Commissioner's decision is 'supported by substantial evidence and based on proper legal standards.'" *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citations omitted). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and it must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Where the Commissioner's decision is supported by substantial evidence, the Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The Court must view the evidence as a

---

[2] At the hearing, the Court raised the issue that although both Claimant and the Commissioner appear to agree that the ALJ gave Dr. Hill's Opinion little weight, the ALJ actually states only that Dr. Hill's Opinion "is not accorded controlling weight." *See* R. 23. The Court discusses this issue only briefly. *See infra* n.3.

whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560. The district court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'" *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

## III.  ANALYSIS

At step four of the sequential evaluation process, the ALJ assesses the claimant's RFC and ability to perform past relevant work. *Phillips*, 357 F.3d at 1238. "The residual functional capacity is an assessment, based upon all of the relevant evidence, of a claimant's remaining ability to do work despite his impairments." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). The ALJ is responsible for determining the claimant's RFC. 20 C.F.R. § 416.946(c). In doing so, the ALJ must consider all relevant evidence, including, but not limited to, the medical opinions of treating, examining, and non-examining medical sources. 20 C.F.R. § 416.945(a)(1), (3); *see also Rosario v. Comm'r of Soc. Sec.*, 877 F. Supp. 2d 1254, 1265 (M.D. Fla. 2012).

In *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176 (11th Cir. 2011), the Eleventh Circuit stated that "'Medical opinions are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of [the claimant's] impairment(s), including [the claimant's] symptoms, diagnosis and prognosis, what [the claimant] can still do despite impairment(s), and [the claimant's] physical or mental restrictions.'" *Id.* at 1178-79 (quoting 20 C.F.R. § 404.1527(a)(2)) (alterations in original). "[T]he ALJ must state with particularity the weight given to different medical opinions and the reasons therefor." *Id.* at 1179 (citing *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987)). "In the absence of such a statement, it is impossible for a reviewing court to determine whether the ultimate decision on the

merits of the claim is rational and supported by substantial evidence." *Id.* (quoting *Cowart v. Schwieker*, 662 F.2d 731, 735 (11th Cir. 1981)).

The ALJ must consider a number of factors in determining how much weight to give each medical opinion, including: 1) whether the physician has examined the claimant; 2) the length, nature, and extent of the physician's relationship with the claimant; 3) the medical evidence and explanation supporting the physician's opinion; 4) how consistent the physician's opinion is with the record as a whole; and 5) the physician's specialization. 20 C.F.R. §§ 404.1527(c); 416.927(c). A treating physician's opinion must be given substantial or considerable weight, unless good cause is shown to the contrary. *Winschel*, 631 F.3d at 1179; see also 20 C.F.R. §§ 404.1527(c)(2); 416.927(c)(2) (giving controlling weight to the treating physician's opinion unless it is inconsistent with other substantial evidence). "Good cause exists when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Winschel*, 631 F.3d at 1179 (quotation marks omitted).

Here, Claimant argues that the ALJ erred by failing to properly weigh the opinion of Claimant's treating physician, Dr. Hill. Doc. 21 at 14-19. Specifically, Claimant argues that the ALJ erred by giving little weight to the opinions Dr. Hill offered in the Orthopedic Questionnaire (R. 722-23, Dr. Hill's Opinion) and providing insufficient justification therefor. Doc. 21 at 14.[3]

---

[3] At the hearing, the Court raised the issue that although both Claimant and the Commissioner appear to agree that the ALJ gave Dr. Hill's Opinion little weight, the ALJ actually states only that Dr. Hill's Opinion "is not accorded controlling weight." *See* R. 23. While it is unclear what weight the ALJ actually gave Dr. Hill's opinion, it is clear – and the parties appear to concede – that the ALJ did not give it controlling, substantial, or considerable weight, and the ALJ thus needed to show good cause for that decision. *See Winschel* 631 F.3d at 1179. Because the Court finds that the ALJ did not provide good cause reasons for rejecting Dr. Hill's Opinion, the Court finds that it need not address the apparent misstatement by the parties that the ALJ gave Dr. Hill's Opinion "little weight."

Dr. Hill completed the Questionnaire on November 2, 2016 and opined therein to limitations more severe than those found in the RFC. *Compare* R. 722-23 *with* R. 18. In his decision, the ALJ addressed these opinions as follows:

> On November 2, 2016, Dr. Hill opined, in a treating source orthopedic questionnaire, that the claimant, due to her neck and right shoulder, was incapable of performing fine/gross manipulations on sustained basis (i.e., she was unable to work on a sustained basis), noting that she had shoulder surgery on August 26, 2016, with ongoing chronic pain, a decreased range of motion of her right shoulder, decreased 4/5 grip strength, and decreased abilities to perform gross and fine manipulation (Exhibit B-10F/1-2)
>
> This opinion, however, is **not accorded controlling weight** because ***opinions on the issues of whether the claimant is "disabled" or "unable to work" are reserved to the Commissioner*** because they are administrative findings that are dispositive of a case (20 CFR 404.1527(d) and 416.927(d)). Moreover, ***this opinion is inconsistent with the evidence as a whole*** (as set forth in this Finding) which shows that the claimant can perform light work, along with the additional limitations stated in Finding 5 above.

R. 23 (emphasis added). Claimant makes two primary arguments in relation to the ALJ's consideration of the Dr. Hill's Opinion.

First, Claimant argues that the ALJ was incorrect when he stated that "Dr. Hill opined…that [Claimant] was incapable of performing fine/gross manipulations on sustained basis (i.e., she was unable to work on a sustained basis)." Doc. 21 at 15 (citing R. 23). Claimant notes correctly that Dr. Hill did not opine that Claimant was "unable to work on a sustained basis" or that Claimant was disabled – a determination reserved to the Commissioner. Doc. 21 at 15. Rather, as Claimant points out:

> the doctor merely asserted that [Claimant] was not capable of performing repetitive fine or gross manipulation due to her right shoulder impairment and cervical impairment. That was a medical finding, not a dispositive administrative finding. The ALJ was simply incorrect when he concluded that Dr. Hill had improperly addressed a dispositive legal issue in this case.

*Id.* at 15-16 (citing R. 723). Claimant argues that the ALJ's assertion that the Commissioner alone is responsible for rendering a determination of disability does not justify discrediting the functional

limitations contained within Dr. Hill's Opinion. The Court agrees, and thus finds that the ALJ's statement that "the issues of whether the claimant is 'disabled' or 'unable to work' are reserved to the Commissioner" is an insufficient explanation for rejecting Dr. Hill's Opinion.

The Commissioner's argument to the contrary is unavailing. The Commissioner argues that "because the inability to perform fine/gross manipulations on a sustained basis essentially translates into the inability to work on a sustained basis, the ALJ interpreted Dr. Hill's response as an opinion that Plaintiff could not work," and thus correctly rejected Dr. Hill's Opinion as a dispositive administrative finding. Doc. 21 at 23-24. The Court disagrees. Dr. Hill opined as to a functional limitation, and the ALJ falsely equated that limitation to statement of disability. The Court declines to accept the premise that an ALJ may conclude that a functional limitation within a treating physician's opinion is equivalent to a determination of disability and then reject the treating physician's opinion because determinations of disability are reserved to the Commissioner.[4] As previously discussed, "[m]edical opinions are statements from physicians . . . that reflect judgments about the nature and severity of [the claimant's] impairment(s), including [the claimant's] symptoms, diagnosis and prognosis, what [the claimant] can still do despite impairment(s), and [the claimant's] physical or mental restrictions." *Winschel*, 631 F.3d 1176 at 1178-79 (quoting 20 C.F.R. § 404.1527(a)(2)). Dr. Hill's Opinion meets this definition; the Opinion is not comprised simply of conclusive statements of disability. *See generally* R. 722-23.

Second, the ALJ's statement that he did not accord Dr. Hill's Opinion controlling weight because it is "inconsistent with the record as a whole (as set forth in this Finding)" is conclusory and insufficient to allow the Court to determine whether the ALJ's decision is supported by

---

[4] The Court notes that the Commissioner very nearly concedes this point himself. *See* Doc. 21 at 24 ("Even if Dr. Hill did not render an opinion on an ultimate issue of disability, the ALJ gave another reason, supported by substantial evidence…").

substantial evidence. "[C]onclusory statements by an ALJ to the effect that an opinion is inconsistent with or not bolstered by the medical record are insufficient to show an ALJ's decision is supported by substantial evidence unless the ALJ articulates factual support for such a conclusion." *Kahle v. Comm'r of Soc. Sec.*, 845 F. Supp. 2d. 1262, 1272 (M.D. Fla. 2012); *see also Poplardo v. Astrue*, 2008 WL 68593, *11 (M.D. Fla. Jan. 4, 2008) (failure to specifically articulate evidence contrary to treating doctor's opinion requires remand); *see also Paltan v. Comm'r of Social Sec.*, 2008 WL 1848342, *5 (M.D.Fla. April 22, 2008) ("The ALJ's failure to explain how [the treating doctor's] opinion was 'inconsistent with the medical evidence' renders review impossible and remand is required."). Otherwise, the Court is left to guess at which particular records the ALJ asserts support the ALJ's decision, and, in doing so, impermissibly reweigh the evidence. *See Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir.2005) (a reviewing court "may not decide facts anew, reweigh the evidence, or substitute [its] judgment for that of the Commissioner").

Here, the ALJ stated, in a conclusory fashion, that "[Dr. Hill's Opinion] is inconsistent with the evidence as a whole (as set forth in this Finding) which shows that the claimant can perform light work, along with the additional limitations stated in Finding 5 above." R. 23. The ALJ did not specify what evidence he was referring to, and he provided no explanation of how Dr. Hill's Opinion is inconsistent with that evidence. *See id.* The ALJ did not include citations to specific pieces of evidence, did not even narrow the type of evidence (i.e. medical records, opinion evidence, testimony), and did not discuss how the "evidence as a whole" is inconsistent with Dr. Hill's Opinion. *See id.* The ALJ failed to articulate any basis for his contention beyond what appears to be a general reference to the evidence "as set forth" throughout the ALJ's decision. *See id.*

The ALJ's vague reference to evidence "as a whole" is not sufficient factual support for the conclusion that Dr. Hill's Opinion is inconsistent with any evidence, including the medical evidence of record. The ALJ failed to identify, let alone discuss, the specific evidence of record that was allegedly inconsistent with Dr. Hill's Opinion. It is not the district court's role on review to scour the record, with no guidance from the ALJ, in an attempt to divine what record evidence the ALJ believes creates unspecified inconsistencies with the particular opinions the ALJ has given "little weight." *See Hanna v. Astrue*, 395 F. App'x 634, 636 (11th Cir. 2010) ("The ALJ must state the grounds for his decision with clarity to enable us to conduct meaningful review.").

Without any support for the ALJ's conclusory statements, the Court would be forced to reweigh the evidence itself, and therefore cannot determine whether the ALJ's decision is based on substantial evidence. *See, e.g., Small v. Comm'r of Soc. Sec.*, 2012 WL 646071, at *8 (M.D. Fla. Feb. 28, 2012) (citing *Dyer*, 395 F.3d at 1210 (11th Cir. 2005) (stating that when an ALJ fails to provide factual support for his conclusion that a medical opinion is inconsistent with the medical record, the court is "left in a situation where it has to impermissibly reweigh the evidence")). Since the court may not affirm merely because *some* rationale could support the ALJ's decision, the court is unable to conduct a proper review. *See Kelly v. Comm'r of Soc. Sec.*, 401 Fed. Appx. 403, 407 (11th Cir. 2010).

On this point, the Commissioner argues that the ALJ's statement that Dr. Hill's Opinion was "not consistent with the record as a whole" is not conclusory and was properly made based on the evidence of record. Doc. 21 at 25; 29. The Commissioner then discusses, at length, evidence that the Commissioner apparently believes is inconsistent with Dr. Hill's Opinion. *See id.* at 25-29. The Court will not rely on the Commissioner's post-hoc arguments. *See Dempsey v. Comm'r of Soc. Sec.*, 454 F. App'x 729, 733 (11th Cir. 2011) (A court will not affirm based on a post hoc

rationale that "might have supported the ALJ's conclusion.") (quoting *Owens v. Heckler*, 748 F.2d 1511, 1516 (11th Cir. 1984)). To do so would necessarily require the undersigned to reweigh the evidence, which the undersigned declines to do. *See Phillips*, 357 F.3d at 1240 n.8 (11th Cir. 2004) (stating that the district court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'") (quotation omitted).

Despite the Commissioner's contention that "[t]his is. . . not a case where this Court cannot track the ALJ's reasoning or determine whether his ultimate decision is rational and supported by substantial evidence," the Court finds itself in precisely this position. The ALJ stated that Dr. Hill's Opinion was "inconsistent with the record as a whole" and provided no further explanation. *See* R. 23. Such a statement leaves the Court to sift through the record as discussed in "this Finding," and determine which evidence the ALJ believes is inconsistent with Dr. Hill's opinion, and somehow divine how the ALJ reached that conclusion. The ALJ failed to build the requisite "accurate and logical bridge from the evidence to his conclusion," and the Court cannot construct the bridge on the ALJ's behalf. *Flentroy-Tennant v. Astrue*, 2008 WL 876961, *8 (M.D. Fla. Mar. 27, 2008). Thus, the Court finds that the ALJ's conclusory statement that Dr. Hill's Opinion is inconsistent with the record as a whole precludes proper review.

Accordingly, because the ALJ failed to demonstrate good cause for giving the Dr. Hill's Opinion less than substantial weight, Claimant's argument is well-taken. The Court has also considered whether the ALJ's error is harmless. Given that Dr. Hill's Opinion, if accepted, would necessarily reduce Claimant's RFC, the Court cannot find that the ALJ's error was harmless.

### IV. CONCLUSION

For the reasons stated above, it is **ORDERED** that:

1. The final decision of the Commissioner is **REVERSED** and **REMANDED** for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g); and

2. The Clerk is directed to enter judgment for Claimant and against the Commissioner and close the case.

**DONE** and **ORDERED** in Orlando, Florida on February 21, 2020.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record

The Court Requests that the Clerk
Mail or Deliver Copies of this order to:

The Honorable Kevin J. Detherage
Administrative Law Judge
c/o Office of Disability Adjudication and Review
3505 Lake Lynda Dr
Suite 300
Orlando, FL 32817-9801